IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 17 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-03072-ZLW

BURTON SANDLES,

    Plaintiff,

v.

DENVER DOWNTOWN CORRECTIONAL FACILITY, and
DENVER VAN CISE SIMONET DETENTION CENTER,

    Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, Burton Sandles, has filed *pro se* on March 1, 2011, a document titled "Notification of New Address/Motion for Elaboration-Reconsideration/Notification of Probable Conspiracy With the Prosecution" (Doc. #8). In part, Mr. Sandles asks the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on February 23, 2011. The Court must construe the motion to reconsider liberally because Mr. Sandles is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-

eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Sandles' motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id*.

The Court dismissed the instant action without prejudice because Mr. Sandles failed to respond to an order directing him to cure a deficiency. More specifically, Mr. Sandles was ordered on January 5, 2011, to provide a certified copy of his inmate trust fund account statement in support of his motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and he failed to do so. The Court noted in the order dismissing this action that the copy of the January 5 order to cure that was mailed to Mr. Sandles had been returned to the Court undelivered on January 14, 2011, and that Mr. Sandles had not submitted a notice of change of address as required by the Court's local rules.

2

Mr. Sandles asserts in the motion to reconsider that he did not receive the January 5 order to cure until on or about February 23, 2011, which was after he had been released from custody, and he asks for an extension of time to cure the deficiency in this action.  Mr. Sandles also refers in the motion to reconsider to a prior habeas corpus action in this Court, case number 10-cv-01386-ZLW, that is not relevant to his failure to keep the Court apprised of his current address and his failure to respond to an order to cure a deficiency in the instant action.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Sandles fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.  The January 5 order to cure was mailed to the only address on record for Mr. Sandles and he fails to discuss in the motion to reconsider his failure to notify the Court of his change of address when he was released.  Therefore, the motion to reconsider will be denied.  Mr. Sandles is reminded, however, that the Court dismissed the instant action without prejudice.  Therefore, if Mr. Sandles wishes to pursue his claims, he may do so by filing a new action.  Accordingly, it is

ORDERED that the motion to reconsider (Doc. #8) filed on March 1, 2011, is denied.

DATED at Denver, Colorado, this 17th day of March, 2011.

BY THE COURT:

Zita Leeson Weinshienk
_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-03072-ZLW

Burton Sandles
1726 Downing St #103
Denver, CO 80218

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on March 17, 2011.

                                          GREGORY C. LANGHAM, CLERK

                                  By: _____
                                                  Deputy Clerk